By the Court :
Upon the state of the pleadings, the bill was properly dismissed by the court below. Upon the face of such a *40 case, the court ought not to lend its aid to the complainant, on the ground that it is an established principle that a trustee or agent, in respect to the sale of property, cannot become a purchaser, either in person or by the intervention of a third party, without the most clear and positive explanations as to the good faith and honesty of the transaction. In this instance the court is not satisfied. The trust is not yet discharged, and the trustee has become the admitted owner of the property, and offers no explanation but his own averment in the pleadings as to the good faith of his purchase. The defendant, Beall, has never for an instant been in possession or enjoyment of the property which he is alleged to have purchased from complainant; and his equitable right has been foreclosed by an eco-parte order, and the property resold for a sum greatly less than he agreed to pay for it. In the meanwhile the trustee has himself become the owner, and is in possession of the lands to the exclusion of the heirs of Magruder, and while he retains the $1,000 paid by Beall, he brings suit to compel defendants to pay the notes, for which there has never been consideration received.
The decree is affirmed. Without considering the question of parties, or whether Mrs. Beall could encumber her separate estate to secure the indebtedness of her husband, the court are of the opinion that the case presented carries condemnation on its face.